UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02160-TWP-TAB |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Notice of Removal alleges that "Plaintiff, as alleged in his Complaint, is and was at all material times a resident of Marion County, Indiana." (Filing No. 1 at 1.) This allegation of

state residency is not sufficient to allow the Court to determine whether diversity jurisdiction exists. Citizenship, not residency, is the consideration for diversity jurisdiction.

The Notice of Removal further alleges that "Defendant, Lowe's Home Centers, LLC, was not, and is not a citizen of the State of Indiana, being a limited liability corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina." (*Id.*) However, these jurisdictional allegations do not establish the citizenship of Lowe's Home Centers, LLC. Alleging the identity and citizenship of each of the members is necessary for this Court to determine whether it has jurisdiction.

Therefore, the Defendant is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of each of the parties, including the members of Lowe's Home Centers, LLC and their citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 8/19/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kristen M. Carroll
KIGHTLINGER & GRAY
kcarroll@k-glaw.com

Tyler Akers
KIGHTLINGER & GRAY
takers@k-glaw.com

Darron S. Stewart
STEWART & STEWART
darron@getstewart.com

David W. Stewart
STEWART & STEWART
david@getstewart.com